Opinion issued September 19, 2002








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-00-01173-CR

____________


FREDERIC WILLIAM TROFF, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Criminal Court at Law No. 13

Harris County, Texas

Trial Court Cause No. 1006503






O P I N I O N

 Appellant, Frederic William Troff, pleaded not guilty to evading arrest. The
jury found him guilty, and the trial court sentenced him to one year in jail, but
suspended the sentence and placed appellant on community supervision for one year. 
In five points of error, appellant complains that (1) the evidence was legally and
factually insufficient to support his conviction, (2) there was an improper jury
instruction, (3) there was prosecutorial misconduct, and (4) his trial counsel was
ineffective. We affirm.

Background


 On June 16, 2000, Officer Daniel Shelor noticed appellant weaving in and out
of traffic, changing lanes without signaling, tailgating other cars, and flashing his
lights at slower drivers. Shelor turned his lights on, but appellant did not pull over. 
He continued weaving in and out of the traffic, despite having "had more than ample
time to pull over." Shelor turned on his siren approximately one-half mile after he
turned on his lights. Appellant still did not pull over, and he continued to pass other
drivers and weave in and out of traffic. After another three quarters of a mile,
appellant slowed down and pulled over behind some construction barrels on the side
of the freeway outside the lanes of traffic. Shelor pulled in behind appellant and was
about to turn off his siren when he noticed appellant pull back onto the freeway. The
freeway traffic was now heavy and moving about 35 m.p.h. Traffic came to a
standstill, and appellant ignored an exit ramp and recognized the traffic was not
moving, so he pulled off on the side of the road. Appellant could have stopped on
either side in the emergency lanes, at two exits that he passed, or at the construction
site. Appellant admitted that he saw the lights about a mile and a half before he
stopped, and he passed two exits before he stopped. Appellant drove approximately
1.8 miles after Shelor turned on his lights. Video from Shelor's car that confirmed
these events was admitted into evidence and shown before the jury. 

 After appellant was pulled over, Shelor called for backup and waited to
approach appellant until the backup arrived. Shelor tapped on the glass of appellant's
car and asked him to roll the window down so that he could talk to him. Appellant
only cracked the window and, when asked to step out the car, appellant refused,
saying he "didn't think that was a good idea." Shelor shouted at appellant several
times and even threatened to spray appellant with pepper spray if he did not comply. 
The backup, Officer Kerr, also asked appellant several times to step out of the car, but
appellant refused. Instead, appellant called his attorney. His attorney told him to
cooperate; however, appellant continued to sit in his car and refused to come out. 
Kerr then reached in and took the keys out of the ignition, so appellant could not
drive away. Once arrested, appellant continued to tell Shelor that he stopped him for
no reason. While being transported to the station, appellant screamed at Shelor
calling him "a sorry motherf***er."


 Sufficiency


 In points of error one and two, appellant argues the evidence was legally and
factually insufficient to support his conviction for evading arrest.

Legal Sufficiency

 A legal sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We note that
, as the
exclusive judges of the facts, the credibility of the witnesses, and the weight to be
given their testimony, the jury may believe or disbelieve all or any part of a witness's
testimony. Penagragh v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981) ("A
jury is entitled to accept one version of the facts and reject another or reject any of a
witness's testimony."). To be found guilty of evading arrest, the jury had to find,
beyond a reasonable doubt, that appellant intentionally fled from a person he knew
was a peace officer attempting lawfully to arrest or detain him. See Tex. Pen. Code
Ann. § 38.04(a) (Vernon Supp. 2002). 

 Viewing the evidence in the light most favorable to the prosecution, the jury
was presented with the following incriminating evidence: (1) Officer Shelor noticed
appellant weaving in and out of traffic, changing lanes without signaling, tailgating,
and flashing his lights at other drivers; (2) Shelor turned on his lights and, about half
a mile later, turned his siren on; (3) appellant had ample time to pull over but did not;
(4) appellant continued to weave in and out of traffic while the officer chased him;
(5) appellant pulled over in a construction area, but instead of stopping, he reentered
the freeway; (6) appellant passed two exits and stopped only when traffic ahead of
him came to a standstill; (7) appellant refused to get out of his car, even after Shelor
and Kerr instructed him to do so; (8) appellant's attorney advised him to cooperate,
but he still refused; and (9) Kerr had to take the keys out of the ignition before
appellant would comply. 

 The evidence was legally sufficient to support the jury's finding of guilt. We
overrule point of error one.

Factual Sufficiency

 In reviewing the factual sufficiency of the evidence, we examine all the
evidence neutrally, and ask whether proof of guilt is so obviously weak or greatly
outweighed by contrary proof as to indicate that a manifest injustice has occurred. 
King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). We will reverse the fact
finder's determination only if a manifest injustice has occurred. Id. In conducting
our analysis, we may disagree with the jury's determination, even if probative
evidence supports the verdict, but we must also avoid substituting our judgment for
that of the fact finder. Id. 


 Appellant complains that he pulled over as soon as safely possible and that the
officer must have mistaken his car for another car. The jury chose to believe the
officers' testimony. A court of appeals must show deference to such a jury finding. 
Cain v. State, 958 S.W.2d 404, 409 (Tex. Crim. App. 1997). Viewing all the
evidence neutrally, the jury could have reasonably inferred from the circumstantial
evidence that appellant, in fact, evaded arrest. A jury decision is not manifestly
unjust merely because the jury resolved conflicting views of evidence in favor of the
State. Id. at 410. We will not substitute our judgment for that of the jury. Id.

 We hold the evidence was factually sufficient to support the jury's finding of
guilt of evasion of arrest. We overrule point of error two.

Jury Instruction


 In point of error three, appellant argues that the trial court erred when it
instructed the jury that "D. Shelor is a peace officer" because the statement was an
improper comment on the weight of the evidence. Appellant contends that the
question of whether Shelor was a peace officer was an issue for the jury to determine. 
The State concedes this was error, but it argues the error was harmless.

 An erroneous or incomplete jury charge does not result in automatic reversal
of a conviction. Abdnor v. State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). 

When reviewing charge errors, an appellate court must undertake a two-step review:
first, the court must determine whether error actually exists in the charge, and second,
the court must determine whether sufficient harm resulted from the error to require
reversal. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). When, as
here, there has been a timely objection made at trial, an appellate court will search
only for "some harm." Abdnor, 871 S.W.2d at 732. 

 The appellant has the burden to persuade the reviewing court that he has
suffered some actual harm as a consequence of charging error. Id. If he is unable to
do so, the error will not result in a reversal of his conviction. Id. The actual degree
of harm must be assayed in light of the entire jury charge, the state of the evidence,
including the contested issues and weight of probative evidence, the argument of
counsel, and any other relevant information revealed by the record of the trial as a
whole. Richardson v. State, 879 S.W.2d 874, 882 (Tex. Crim. App. 1993). 

 Appellant's brief does not address harm. Moreover, Shelor's occupation was
not a contested issue at trial. The uncontested testimony from three officers
established that appellant was pulled over by officers in uniform; Shelor was in a
police car; Shelor pulled appellant over after turning on both a police siren and lights;
and appellant was pulled over by Shelor in his capacity as an officer. Appellant never
contended at trial that Shelor was not a peace officer; consequently, appellant did not
show harm.

 We overrule point of error three.

Prosecutorial Misconduct


 In point of error four, appellant argues that the trial court erred when it
permitted the State to improperly question him regarding his invocation of his right
to counsel. To preserve error for appellate review, the complaining party must make
a specific objection and obtain a ruling on the objection. Tex. R. App. P. 33.1;
Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). In addition, the
objection must be made at the earliest possible opportunity. Turner v. State, 805
S.W.2d 423, 431 (Tex. Crim. App. 1991). Finally, the point of error on appeal must
comport with the objection made at trial. Thomas v. State, 723 S.W.2d 696, 700 (Tex.
Crim. App. 1986).

 The following exchange occurred during the State's cross-examination of
appellant:

 State: Now, isn't it true that you called Mr. Perez not because you
wanted him to calm the officers down but because you
knew you have been evading and you knew you needed an
attorney?


 Appellant: No, sir, that's not true.


 State: Isn't it true that you were told by your attorney that you
needed to cooperate with the police?


 Appellant: Yes, sir. 


Appellant did not object after the allegedly improper questions; therefore, he has
failed to preserve the point of error. See Wilson v. State, 71 S.W.3d 346, 349 (Tex.
Crim. App. 2002).

 We overrule point of error four.

Ineffective Assistance of Counsel 


 In point of error five, appellant contends he was denied effective assistance of
counsel because his trial counsel failed to object to improper questioning by the State,
failed to adequately research the law before trial, and failed to adequately prepare to
question fact witnesses.

 To prevail on a claim of ineffective assistance of counsel, appellant must show
that (1) counsel's performance was so deficient that he was not functioning as
acceptable counsel under the sixth amendment and, (2) but for counsel's error, the
result of the proceedings would have been different. Strickland v. Washington, 466
U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App.1999); Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.--Houston
[1st Dist.] 1996, no pet.). It is the defendant's burden to prove ineffective assistance
of counsel. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at
93. A defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. Strickland, 466 U.S. at
689, 104 S. Ct. at 2064; Thompson, 9 S.W.3d at 813; Gamble, 916 S.W.2d at 93. We
will not speculate to find trial counsel ineffective when the record is silent. Gamble,
916 S.W.2d at 93. 

 Appellant did not file a motion for new trial. Because we have no record of
what trial counsel's strategy may have been, we cannot speculate as to counsel's trial
strategy. See Gamble, 916 S.W.2d at 93.

 We overrule point of error five.

Conclusion

 We affirm the judgment.

 

 Evelyn V. Keyes

 Justice

 

Panel consists of Justices Hedges, Keyes, and Duggan. (1)


Do not publish. Tex. R. App. P. 47.
1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.